■ RAYEX CORPORATION et al., Respondents, v. MAX SANCHEZ, Individually and as President of Local 1614, I. B. E. W., AFL–CIO., et al., Appellants.— In an action to enjoin picketing and similar union activities, the appeal is from an order of an Official Referee (1) granting two motions to punish appellants for contempt for violating a temporary injunction order, (2) denying a motion to vacate the temporary injunction, and (3) denying a motion to reopen the hearings held pursuant to two orders of reference. Order reversed, without costs, and motions to punish for contempt remitted

to the Special Term for further proceedings not inconsistent herewith. For the reasons stated in our decision in *Rayex Corp.* v. *Sanchez* (6 A D 2d 903), the Special Term lacked jurisdiction to refer the issues "to hear and determine". The learned Official Referee was thus without power to make the order appealed from. In addition, as indicated in the decision in *Rayex Corp.* v. *Sanchez* (*supra*), the Official Referee was improperly directed to inquire into certain alleged instances of contempt. In any event, the order appealed from would be reversed because of prejudicial error in failing to compel the production, pursuant to a subpœna duces tecum, of respondents' employment records which were relevant to the issue of respondents' compliance with the provision of the temporary injunction order. This provision rendered the continuance of the injunction contingent upon respondents' permitting the picketing employees to return to work. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.